IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOB BELL, | § |
| Plaintiff, | § § § |
| v. | § Civil Action No. 3:10-CV-1-M |
| DUNN, JOHNSTON & BROWN, | § § |
| Defendant. | § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the orders filed October 12, 2010 and December 14, 2010, before the Court are and *Defendant's Motion for Sanctions* (Doc. 17.), filed July 14, 2010, and *Plaintiff's Motion for the Withdrawal of Krohn & Moss, Ltd. as Counsel for Plaintiffs* (Doc. 33.), filed October 4, 2010. Based on the relevant filings and applicable law, *Defendant's Motion for Sanctions* should be **DENIED** and *Plaintiff's Motion for the Withdrawal of Krohn & Moss, Ltd. as Counsel for Plaintiffs* should be **GRANTED**.

**I. BACKGROUND**

On January 4, 2010, Plaintiff Bob Bell ("Plaintiff") sued Defendant Dunn, Johnston & Brown, Inc. ("Defendant") for allegedly violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") He alleges that Defendant constantly and continuously placed collection calls demanding payment of an alleged debt, communicated to third parties that Plaintiff owed a debt, failed to disclose its identity or that it was a debt collector, and had a representative falsely claim to be an investigator in a voicemail left for Plaintiff. Plaintiff sought a declaratory judgment and actual damages, statutory damages, costs, and attorneys' fees.

On July 14, 2010, Defendant moved for summary judgment on grounds that it is not a debt

collector as required by the FDCPA and for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 on the grounds that Plaintiff's counsel filed this lawsuit without conducting a reasonable investigation and with knowledge that Defendant is not a debt collector. It claims that Plaintiff's counsel's law firm voluntarily dismissed three similar cases in New York after it was informed that Defendant was not a debt collector, but rather, a skip tracer locating vehicles for repossession. Plaintiff then moved to stay the summary judgment motion until completion of discovery and for an extension of the deadline for responding to the motion. On September 23, 2010, the Court granted Plaintiff's motion to stay the summary judgment motion and granted Plaintiff an extension until October 7, 2010, to file a response to Defendant's motion for summary judgment. (Doc. 30.)

On October 4, 2010, Plaintiff's counsel filed his motion to withdraw as counsel for Plaintiff and to strike Defendant's motion for sanctions. (Doc. 33.) That same day, counsel filed a second motion to extend time to respond to Defendant's summary judgment motion and a motion for extension of the discovery deadline. (Doc. 34.) The Court issued on order setting deadlines to respond to Plaintiff's motions and scheduling a hearing November 10, 2010. (Doc. 38.)

On November 9, 2010, Plaintiff filed an unopposed motion to dismiss without prejudice that was granted that same day. On November 17, 2010, Defendant filed a supplemental document regarding its motion for summary judgment and motion for sanctions again urging the court to grant both of the motions and dismiss Plaintiff's suit. (Doc 46.) On December 8, 2010, Plaintiff filed a reply opposing Defendant's supplemental filing and requesting it be stricken for noncompliance with the local rules. (Doc. 47.).

During a telephone status hearing on December 12, 2010, Defendant's counsel acknowledged and clarified that Defendant's motion for summary judgment was rendered moot by the agreed dismissal of Plaintiff's claims. In turn, Plaintiff's counsel conceded that Plaintiff's

motion to strike Defendant's motions for sanctions was actually Plaintiff's response. Accordingly, only the motions for sanctions and to withdraw remain for determination.

## II. MOTIONS FOR SANCTIONS

Defendant contends that because Plaintiff's counsel and his law firm knew that Defendant was not a "debt collector" as defined by the FDCPA, this suit was filed in bad faith. (MFS at 6-12.) It seeks an award of costs and expenses incurred in defending the suit, and it contends that the Court has the power to award such sanctions under either 28 U.S.C. § 1927 or Rule 11 of the Federal Rules of Civil Procedure. (*Id*. at 12.)

### A. 28 U.S.C. § 1927

Defendant first urges the Court to sanction Plaintiff's counsel under 28 U.S.C. § 1927. Section 1927 of the United State Code, Title 28, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. Before a court can award sanctions under § 1927, it must make detailed findings that the proceedings were both unreasonable and vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The Fifth Circuit has held this standard requires "that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be

3

inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *F.D.I.C. v. Calhoun,* 34 F.3d 1291, 1297 (5th Cir. 1994)). Under § 1927, monetary sanctions for expenses, costs, and attorneys' fees may be "imposed only on offending attorneys; clients may not be ordered to pay such awards." *Matta v. May*, 118 F.3d 410, 413-14 (5th Cir.1997) (citing *Travelers Ins. Co. v. St. Jude's Hosp.*, 38 F.3d 1414, 1416 (5th Cir.1994)).

Defendant contends that Plaintiff must first demonstrate that it is a "debt collector" under 15 U.S.C. § 1692a(6) of the FDCPA before he can prove any of the violations he has asserted against it. (MFS at 7.) Defendant asserts that it is not a debt collector as defined by the FDCPA and that Plaintiff's counsel had knowledge that it was a skip-tracer. (*Id*.) It argues that Plaintiff's counsel pursued this suit despite the fact that his law firm had dismissed three similar cases against Defendant in New York after Defendant's counsel informed a lawyer at Plaintiff's law firm that it was not a debt collector, and that counsel was imputed with the knowledge of his firm's New York FDCPA cases. (*Id*. at 9 citing *Tesco Am., Inc. v. Strong Indus. Inc*., 221 S.W.3d 550, 553 (Tex. 2006) ("Texas law imputes one attorney's knowledge to all attorneys in a firm."). Defendant contends that it has demonstrated that Plaintiff's counsel knowingly pursued frivolous claims amounting to bad faith and justifying an award of sanctions. (*Id*.)

Alternatively, Defendant contends that even if the knowledge of the New York FDCPA cases in not imputed, there is ample evidence to demonstrate that he acted recklessly because an inquiry into his law firm's cases would have revealed that the firm had filed several cases against Defendant, and Plaintiff's counsel could have easily determined why they were dismissed. (*Id*.) Moreover, Defendant's counsel asserts that she sent Plaintiff's counsel correspondence on May 2, 2010, advising him that Defendant is not a debt collector, but rather a skip tracer specializing in locating

4

personal property for original creditors, and that it does not request payment or repossess vehicles. (MFS at 9-10, App. 74-76.) Defendant's counsel also informed Plaintiff's counsel about the three New York FDCPA cases that had been dismissed by his firm and requested that he dismiss this suit and another suit pending in Florida. (MFS at 9-10, App. at 76.) Defendant's counsel contends that Plaintiff's counsel continued pursuit of this litigation clearly demonstrates that he was acting in bad faith, and he should be required to personally satisfy the excess costs and attorney's fees reasonably incurred under § 1927 due to his unreasonable and vexatious conduct. (*Id*. at 10.)

Plaintiff's counsel argues that the Court should reject Defendant's request for § 1927 sanctions because he has not acted vexatiously and there has been no unreasonable multiplication of proceedings in this suit. (MTW at 6.) He provides some evidence challenging Defendant's contentions that is not a debt collector and that it does not engage in collection practices. (See Ex. 1c of Peter Cozmyk's Affidavit, attached to Doc. 39; P's Reply at, Doc. 46.) Defendant posted an ad on the internet seeking experienced collectors; it is listed on www.creditunions.com as a collections company; an internet search of Defendant resulted in a link to "Collectors - Dunn, Johnston & Brown"; and the Better Business Bureau recorded at least one complaint against Defendant for improper collection practices. (Doc. 39.) Based on this evidence supporting the contention that Defendant was a debt collector subject to the FDCPA, the Court does not find that this suit is unreasonable and vexatious. *See F.D.I.C. v. Calhoun*, 34 F.3d at 1297. It would therefore not be appropriate to shift the entire financial burden of the defense to Plaintiff's counsel under § 1927, *see Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d at 535, and the request for § 1927 sanctions should be denied.

**B. Rule 11 Sanctions**

Defendant also asks the Court to sanction Plaintiff's counsel under Fed. R. Civ. P. 11. (Mot.

5

Br. at 6-12.) Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. Fed. R. Civ. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, Fed. R. Civ. P. 11(b)(1), (2); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, Fed. R. Civ. P. 11(b)(2), (3); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, Fed. R. Civ. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court", *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits", *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4).

Defendant moves for Rule 11 sanctions on the ground that Plaintiff and his counsel failed to properly investigate Plaintiff's allegations before filing suit. (D's. Resp. at 13.) As in its request for sanctions under § 1927, Defendant contends that Plaintiff's counsel knew or should have known that Defendant was not a "debt collector" liable under the FDCPA prior to filing this suit, or alternatively, should have gained that knowledge during the course of this litigation. (*Id*. at 13-14.) Defendant contends that Plaintiff's counsel's pursuit of this suit after learning that it was not a "debt

6

collector" was frivolous and he should be sanctioned under Rule 11 for his conduct. (*Id.*)

Plaintiff contends that Defendant's motion for sanctions pursuant to Rule 11 should be dismissed because Defendant failed to adhere to the 21 day safe harbor requirements of Rule 11. *See* Fed. R. Civ. P. 11(c)(2). (MTW at 5.) Defendant concedes that it did not comply with Rule 11's safe harbor provision, but it argues that it substantially complied through telephone calls and correspondence to Plaintiff's counsel about the deficiencies in his pleading and requesting that the suit be dismissed. (*Id.* at 14, Doc. 40.) It argues that any noncompliance was merely technical and that it should nonetheless be entitled to a decision on the merits of its motion for sanctions under Rule 11. (*Id.* at 14, Doc. 40.)

**1.** *Safe Harbor Provision*

Fed. R. Civ. P. 11(c)(2) provides that a party may seek sanctions by filing a stand-alone motion describing specific sanctionable conduct. The rule contains a safe harbor provision which requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requirement is strictly construed and substantial compliance is insufficient. *Cf. In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Id.* A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance with the safe harbor provision. *See Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, Defendant filed its motion for summary judgment and motion for sanctions together

7

in one document. (Doc. 17.) The certificate of service indicates that this document was served on Plaintiff on July 14, 2010, the same date it was filed. (*Id*.) Although Defendant sent Plaintiff correspondence on February 17, 2010, warning him that it would pursue Rule 11 sanctions, the Fifth Circuit has found that an informal letter does not of itself comply with the service requirements. *See In re Pratt* 524 F.3d at 586-88. Defendant has not shown that it complied with the safe harbor provision, and its motion for sanctions under Rule 11(c)(2) should be denied on this basis.

### 2. *Sua Sponte Sanctions*

Defendant also asks the Court to impose sanctions under its inherent authority. (Def. Resp. at 16.) A court may impose sanctions on its own initiative under Rule 11(c)(3) even after a party has moved for Rule 11 sanctions without complying with the safe harbor provision. *See Brunig v. Clark*, 560 F.3d 292, 297-98 & n.18 (5th Cir. 2009); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Although Rule 11(c)(3) requires courts to issue a show cause order before *sua sponte* imposing sanctions, a recommendation satisfies that requirement when it describes the sanctionable conduct, recommends that sanctions be imposed, and provides an opportunity to show cause why sanctions may not be warranted. *See Brunig*, 560 F.3d at 297-98 & n.18.

As noted, Plaintiff's counsel has provided some evidence in support of the allegation that Defendant is a debt collector and/or engages in collection practices. (See Ex. 1c of Peter Cozmyk's Affidavit, attached to Doc. 39; P's Reply at, Doc. 46.) Based on this evidence, pursuit of this suit was not frivolous, and Defendant's request for sanctions under Rule 11(c)(3) should also be denied.

### III. MOTION TO WITHDRAW

On October 4, 2010, Plaintiff's counsel filed a motion to withdraw from his representation of Plaintiff in this case. (MTW, Doc. 33.) Local Rule 83.12 provides that "an attorney desiring to withdraw in any case must file a motion to withdraw" and that the motion to withdraw must

> specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

N.D. Tex. Loc. R. 83.12a; *see also Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."). The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. *See Matter of Wynn*, 889 F.2d at 646. (citation and internal quotation marks omitted).

Here, Plaintiff's counsel's motion to withdraw satisfies the requirements of Local Rule 83.12a. *See* N.D. Tex. Loc. R. 83.12a. Counsel contends that good cause for withdrawal exists because "irreconcilable differences have arisen that prevents Plaintiff's counsel from effectively representing Plaintiff in this matter." (MTW at 3.) Counsel also contends that Plaintiff refused to cooperate with the discovery process and specifically refused to appear for deposition, and that he informed Plaintiff that his failure to comply with the discovery process could result in counsel's withdrawal. (*Id*.) Counsel sent a copy of the withdrawal motion to Plaintiff both via e-mail and certified mail in an attempt to obtain his signature. (*Id*.) However, he was unsure if Plaintiff had access to e-mail because Plaintiff was out of the country at the time, and counsel was unable to secure Plaintiff's signature on the withdrawal motion. (*Id*. at 3-4.)

Plaintiff's refusal to participate in the prosecution of his suit constitutes good cause for his counsel to withdraw, and the motion to withdraw should be **GRANTED**.

## IV. CONCLUSION

*Defendant's Motion for Summary Judgment and Motion for Sanctions* (Doc. 17.), filed July 14, 2010, should be **DENIED.** *Plaintiff's Motion for the Withdrawal of Krohn & Moss, Ltd. as*

9

*Counsel for Plaintiffs* (Doc. 33.), filed October 4, 2010, should be **GRANTED**.

**SO RECOMMENDED on this 7th day of February, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE